ZEBULON VANCE PATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14955. Promulgated October 25, 1928.

*W. H. Weatherspoon, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

GREEN : It has been stipulated by the parties hereto that of the $63,580.72 alleged as bad debts, $30,000 became worthless prior to the taxable year 1922.

Two questions are at issue: (1) As to whether or not the debts ascertained to be worthless during the taxable year had been previously reported as income, and (2) as to whether or not the debts ascertained to be worthless during the taxable year 1922 were charged off within the meaning of section 214(a)(7) of the Revenue Act of 1921. It is apparent from the record that the accounts sought to be charged off had been included as income in the petitioner's prior tax returns.

Section 214(a)(7) of the Revenue Act of 1921 reads as follows:

That in computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(7) Debts ascertained to be worthless and charged off within the taxable year \* \* \*.

The petitioner, a time merchant operating three stores in rural communities, had for years prior to 1922 kept his accounts by means of a single-entry system. At the suggestion of a revenue agent, in order to properly reflect his income, he installed a doube-entry system. Prior to December 31, 1922, accounts ascertained to be worthless were segregated from the active ledgers and thereafter kept separate and apart from the other accounts. Subsequent to December 31, 1922, a certified public accountant was employed to make the proper closing entries and in so doing used the total previously ascertained to be worthless as charges to the profit and loss account.

The statute requires that the debts shall not only be ascertained to be worthless but that they shall be " charged off within the taxable year." The statute is silent as to how or where or in what manner they are to be charged off. The purpose of the statute is to require that some record be made of the ascertainment of worthlessness. While it is true that no entries were made on the individual accounts, the store managers examined the accounts and prior to the end of the year withdrew from the active ledgers all of the accounts ascertained to be worthless. The total of the accounts so withdrawn was charged to profit and loss in making the closing entry as of December 31, 1922.

We are of the opinion that the petitioner has complied with the intent of the statute and that the $33,580.72 should be allowed as a deduction for bad debts ascertained to be worthless and charged off within the taxable year.

*Judgment will be entered under Rule 50.*