ROCKFORD DAIRY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40349. Promulgated June 23, 1932.

*Maxwell Shmerler, C. P. A.*, for the petitioner.
*F. K. Slanker, Esq.*, for the respondent.

OPINION.

LEECH: Respondent has determined a deficiency of $225 for the calendar year 1924. Petitioner assigns error in this determination in respondent's action in disallowing a deduction of $1,800 taken by it from gross income upon its return for that year as a loss sustained.

The facts are that petitioner, a New York corporation, in 1922 purchased $3,000 par value joint bonds of William Whitmer & Sons and Parsons Pulp and Lumber Company, paying for them the sum of $3,000. These two companies thereafter became insolvent and went into the hands of receivers. Then certain of the bondholders organized and appointed a committee to represent them, which conceived a plan of acquiring the properties of the insolvent corporations through a corporation to be organized for that purpose. Under this plan there were three alternatives for the holders of the joint bonds—they could deposit them with the committee, pay a certain amount of cash in addition and receive bonds of the new corporation; they could surrender the bonds and make no cash payment, in which event they would receive new bonds and certificates of indebtedness in a lesser amount; or they could retain their bonds, not become parties to the plan and later receive a small amount in liquidation of the same.

This plan, which was in evidence, was carried out in full. The new company, known as the Whitmer-Parsons Pulp and Lumber Company, was incorporated and acquired through the bondholders' committee the properties of the two insolvent corporations at receivers' sales, paying for them in cash and deposited bonds and the two old companies went out of existence. Petitioner made no additional cash payment, but surrendered its bonds and received in 1924, in place of the $3,000 in bonds surrendered, $900 par value of bonds and $300 par value certificates of indebtedness of the new corporation. The securities received on the exchange by petitioner were not disposed of, but were owned by it at the date of hearing of this appeal.

On its return for 1924 petitioner took a loss of $1,800 as sustained on this exchange and in determining the deficiency here in question respondent disallowed this deduction as being an exchange coming within section 203 of the Revenue Act of 1924, which provides:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(h) (1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of \* \* \* substantially all the properties of another corporation) \* \* \*.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization * * *.

Petitioner contends that the organization of the Whitmer-Parsons Pulp and Lumber Company and its acquisition of the properties of the two insolvent corporations under the conditions detailed above did not constitute a "reorganization" within the purview of section 203 of the Revenue Act of 1924 and that in any event the exchange by petitioner of securities was one for securities in a lesser amount, the absolute and unavoidable loss to petitioner in a definite amount being thereby determined at that time. He further contends that the bonds surrendered represented a debt of the two bankrupt companies to petitioner which, by reason of their insolvency and receivership, became worthless to the extent of $1,800 in 1924 and it is accordingly entitled to charge off this partial worthlessness in that year under section 234 (a) (5) of the Revenue Act of 1924.

The acquisition of all the properties of the two insolvent corporations by the new corporation, the Whitmer-Parsons Pulp and Lumber Company, under a plan whereby owners of securities of the insolvent corporations exchanged them for securities of the new corporation, constituted a reorganization and both old corporations were parties thereto within the definition of section 203 (b) (2) quoted above. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 57 Fed. (2d) 188; *First National Bank of Champlain, N. Y.*, 21 B. T. A. 415. The fact that the acquisition occurred at receivers' sales does not change the consequences in so far as the statutory definition of "reorganization" is concerned. *DeBlois* v. *Commissioner*, 36 Fed. (2d) 11, involving the meaning of "reorganization" as used in the corresponding section of the Revenue Act of 1918. Nor does it affect this status of the transaction that the properties of both old companies had been foreclosed before the plan became effective or that the stockholders of the two insolvent companies were given no opportunity to share in the exchange. *First National Bank of Champlain, N. Y., supra.*

The "new corporation" clearly resulted from the reorganization and is, therefore, "a party to the reorganization" under section 203 (h) (2) set out above. To determine, as is contended, that petitioner is entitled to a deduction under section 234 (a) (5) of the same act for a debt ascertained to be partially worthless, we must hold section 203 (b) (2) to be inoperative in respect to a situation coming squarely within its terms. It is elementary that a specific provision relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the same act, although the latter, standing alone, would be broad enough to include the subject to which the more specific provision relates. *Swiss*

*National Insurance Co.* v. *Miller*, 289 Fed. 571; affirmed in 267 U. S. 42. The specific conditions prescribed in section 203 (b) (2) above quoted are fully met, and we hold that petitioner sustained no deductible loss upon the exchange. The cost basis of the new securities in petitioner's hands is $3,000 and the deductible loss will be realized upon their payment at maturity or sale prior to that time.

*Judgment will be entered for the respondent.*