## AMERICAN CIGARETTE & CIGAR CO. v. BOWERS.

District Court, S. D. New York.

Jan. 18, 1937.

Robert H. Montgomery, of New York City (Thomas G. Haight, of Jersey City, N. J., and James O. Wynn and George G. Blattmachr, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., Southern District of New York, of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CLANCY, District Judge.

This is an action by the plaintiff, American Cigarette & Cigar Company, against the estate of Frank K. Bowers, deceased, as collector of internal revenue of the Second district of New York, to recover the sum of $8,542.18 as an alleged overpayment of its 1924 federal income tax.

For a number of years prior to 1924, the plaintiff corporation had been making advances to J. S. Murias y. Ca., a corporation of the state of New Jersey, engaged in the business of manufacturing cigars in Cuba, for the purpose of providing said J. S. Murias y. Ca. with funds to finance the purchase of leaf tobacco and other operating expenses. This indebtedness was evidenced by notes and was carried on plaintiff's books as an open account. At the end of 1924 the cash advances, exclusive of interest, amounted to $162,639.97. J. S. Murias y. Ca. was one of a group of corporations in the Cuban tobacco field in which the plaintiff was interested. Plaintiff owned 48 per cent. of the voting stock of the Havana Tobacco Company, which in turn owned all of the stock of H. de Cabanas y. Carbajal and J. S. Murias y. Ca. In 1924 a reorganization was effected whereby all the stock ownership of the Havana Tobacco Company in H. de Cabanas y. Carbajal and J. S. Murias y. Ca. was transferred to the Cuban Tobacco Company, 62.8 per cent. of the voting stock of which plaintiff owned.

The business of J. S. Murias y. Ca. having declined over a period of years, it was determined in 1924 that the company should be liquidated. In October, 1924, it sold all of its assets, except an account receivable and a small amount of cash, to H. de Cabanas y. Carbajal. When liquidated, it had on hand the sum of $101,322.87. Of this amount the sum of $94,302.55 was paid to the plaintiff and the balance to one other remaining creditor. This whole transaction was approved by the plaintiff.

On January 7, 1924, the board of directors of the plaintiff adopted a resolution authorizing and directing the corporation's auditor to charge as of December 31, 1924, the net loss arising out of the loans to J. S. Murias y. Ca. to the cost of Cuban Tobacco Company's securities owned by the corporation. A journal entry was thereupon made on the books of the plaintiff as of December 31, 1924, charging the sum of $68,337.42 to the account entitled "Securities Cuban Tobacco

932

Co., Inc." A note was appended to the following effect:

"This charge ($68,337.42) to Securities Cuban Tobacco Co. was authorized by Board of Directors 1/7/25 upon the basis that it is an adjustment of book values arising out of the reorganization of Havana Tobacco Co. which company owned the entire Capital Stock of J. S. Murias y Ca."

■ On March 8, 1929, more than five years after the above entry was made, during all of which time this item was carried as an asset, the plaintiff corporation filed with the Commissioner of Internal Revenue a claim for refund of a part of its 1924 income tax which claim was wholly rejected by the Commissioner. The complaint contains two causes of action. The first is based on the theory that the failure of the plaintiff to collect its full cash advances to J. S. Murias y. Ca. constituted a loss under the provisions of subdivision (4) of section 234 (a) of the Revenue Act of 1924 (43 Stat. 283, 284). The second cause of action considers the failure to collect a bad debt coming within the provisions of subdivision (5) of the same section. In my opinion the above described loss of $68,337.42 constituted a bad debt and, therefore, under the authority of Spring City Foundry Co. v. Commissioner of Internal Revenue, 292 U. S. 182, 54 S.Ct. 644, 78 L.Ed. 1200, I dismiss the first cause of action.

■ In order to secure a deduction of this debt as worthless, it was necessary for the plaintiff to ascertain its worthlessness and charge it off on its books during the year 1924. American Cigar Co. v. Commissioner of Internal Revenue (C.C.A.) 66 F.(2d) 425. Without considering whether the plaintiff ascertained the worthlessness of all of the debt during the taxable year 1924, I hold that the bookkeeping transaction described above was not a charge off such as would secure the benefits of the statute providing for deductions from income. The effect of the bookkeeping entry was to continue the indebtedness among the assets of the corporation as part of the cost of the corporation's investment in the Cuban Tobacco Company. To constitute a proper charge off, the indebtedness must necessarily be eliminated from the assets of the corporation. I. Frank Sons Co. v. Commissioner of Internal Revenue, 22 B. T.A. 40; John B. Lewis v. Commission-

er of Internal Revenue, 19 B.T.A. 997; Fairless v. Commissioner of Internal Revenue (C.C.A.) 67 F.(2d) 475. The cases cited by the plaintiff, Thomas J. Avery v. Commissioner of Internal Revenue, 5 B.T.A. 872, affirmed (C.C.A.) 22 F.(2d) 6, 55 A.L.R. 1277; Stapely Co. v. Commissioner of Internal Revenue, 13 B.T.A. 557; Pate v. Commissioner of Internal Revenue, 13 B.T.A. 1236; Dillon Supply Co. v. Commissioner of Internal Revenue, 20 B.T.A. 404; Poel & Kelly, Inc., v. Commissioner of Internal Revenue, 19 B. T.A. 1317, and Jones v. Commissioner of Internal Revenue (C.C.A.) 38 F.(2d) 550, are clearly distinguishable.

Judgment for the defendant.