AMERICAN CENTRAL UTILITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83642.    Promulgated October 20, 1937.

*George S. Atkinson, Esq.*, and *M. S. Carneiro, C. P. A.*, for the petitioner.

*DeWitt M. Evans, Esq.*, for the respondent.

## OPINION.

Hill: The sole issue for decision in this case is whether petitioner should be required to pay a tax computed on the basis of the entire amount of interest which became due and payable in the taxable year 1932 on the indebtedness owing to it by its Mexican subsidiary, the Chapala Co., or whether petitioner should be taxed only on the amount of interest actually paid to it during such year. Interest in the amount of $585,797.30 became due in the taxable year, and this amount petitioner accrued on its books and reported in its return as taxable income. Interest was paid to petitioner in Mexico in the total amount of $283,816.79, but in order to get the money into the United States, petitioner sustained an exchange loss in the amount of $118,000 and paid a Mexican income tax of $12,366.79. Thus,

petitioner received in cash only the net amount of $153,450. However, in computing the deficiency, the exchange loss was deducted, and the Mexican income tax credited against the tax due the United States.

Petitioner contends that, because of the extreme doubtfulness of its collectibility, the only part of the interest in question that should have been included in its gross income was the amount of $283,816.79, which was actually collected within the taxable year. Under the facts disclosed, we think the petitioner's contention must be sustained.

A taxpayer, even though he keeps his books and makes his income tax returns on an accrual basis, is not required to report in his income an amount which he may never receive. *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, citing *Burnet* v. *Logan*, 283 U. S. 404, 413.

It is immaterial that petitioner in this proceeding erroneously accrued the entire amount of interest due and reported it as taxable income. If it in fact was not taxable income, an entry on petitioner's books treating it as income could not make it such. Corporate books "are no more than evidential, being neither indispensable nor conclusive. The decision must rest upon the actual facts." *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179.

Where the accounts are kept and returns made on an accrual basis, it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income, *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182, but an item is not properly accruable unless it is good and collectible. If it is collectible at the time the right to receive arises, it should be accrued and included in gross income, and if the obligation later becomes worthless, even within the same taxable year, the question then becomes one of deduction according to the applicable statutes. If the obligation is not collectible when the right to receive arises, such right is without substance and there is nothing to accrue. The amount then should be excluded from gross income and no question of deduction arises. *Atlantic Coast Line Railroad Co.*, 31 B. T. A. 730, 751; affd., 81 Fed. (2d) 309; certiorari denied, 298 U. S. 656.

The taxation of income not actually received rests upon the basis of a reasonable expectancy of its receipt. "A taxpayer, even though keeping his books upon an accrual basis, should not be required to pay a tax on an accrued income unless it is good and collectible, and, where it is of doubtful collectibility or it is reasonably certain it will not be collected, it would be an injustice to the taxpayer to insist upon taxation." *Corn Exchange Bank* v. *United States*, 37 Fed. (2d) 34, and authorities cited. See also *Atlantic Coast Line Railroad Co.*, *supra*, at pages 747 to 752, and decisions cited.

What, then, briefly are the facts in the instant case concerning the collectibility of the interest obligations of the Chapala Co. as they appeared at the close of petitioner's taxable year 1932? At December 31, 1926, the subsidiary company had defaulted in the payment of interest to the extent of more than two million dollars, Mexican currency. At December 31, 1931, the interest accrued and unpaid then totaled $681,579.01, United States currency, and during 1932 the company was unable to pay interest to petitioner for that year in the amount of $301,980.51, United States currency. The Chapala Co. had not only defaulted in the payment of interest, but at December 31, 1932, payments on principal of its bonds were past due and unpaid in the amount of $334,900. At December 31, 1926, the actual assets of the company exceeded its liabilities by a substantial amount, but at the close of the years 1931 and 1932 it was in fact insolvent, its liabilities then exceeding assets in the amounts of $2,030,782.50 and $3,333,144.06, Mexican currency, respectively. At December 31, 1931, the company had an operating deficit in excess of four million dollars, and at December 31, 1932, its operating deficit exceeded six million dollars, Mexican currency. Its book assets decreased approximately a million and a half dollars and its liabilities increased approximately three million dollars, Mexican currency, during the period December 31, 1926, to December 31, 1932.

Many other facts indicating that the obligations of the Chapala Co. were of doubtful collectibility at the close of 1932 were established by the record, but we think those above cited are sufficient to show that the interest accrued by petitioner on its books and reported in its income tax return for 1932 certainly was not in its entirety "good and collectible." The amount of interest due should, therefore, not have been accrued on petitioner's books and only the amount actually collected during the taxable year should have been reported in its tax return.

On authority of the decisions cited above, we hold that petitioner's gross income as determined by respondent in computing the deficiency here in controversy should be reduced by the amount of $301,980.51, representing interest accrued but not paid during the taxable year. The resulting tax will be entirely eliminated by applying against it as a credit the amount of Mexican income tax hereinabove referred to, and in respect of which there is no controversy. It follows that there is no deficiency in but an overpayment of petitioner's income tax for the year 1932 in the amount of $31,912.13, the amount shown on its return. On the basis of the conclusions here reached, respondent so concedes.

*Judgment will be entered for the petitioner.*