PHILIP H. SCHAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101775. Promulgated March 13, 1942.

*John W. Ford, Esq.*, for the petitioner.
*Thos. F. Callahan, Esq.*, for the respondent.

#### OPINION.

TURNER: Petitioner contends that under section 23 (k) of the Revenue Acts of 1934 and 1936 he is entitled to bad debt deductions in the amount of $30,195.55 for 1935 and $50,000 for 1936, representing the debts of Marie Campbell Ravelli and Philip Wick, respectively, which debts were ascertained to be worthless in those years. The respondent contends that no debts were due the petitioner from Mrs. Ravelli or Wick and that there was accordingly nothing for petitioner to charge off or deduct as bad debts in the respective years. Respondent contends and petitioner concedes that before a deduction can be allowed on account of a worthless debt it is essential that the existence of a valid debt be established, *J. S. Cullinan*, 19 B. T. A. 930; *Missouri Valley Bridge & Iron Co.*, 14 B. T. A. 1162; and *Federal Fuel Co.*, 3 B. T. A. 814; and most of the argument presented centers around the question whether the facts here establish the existence of valid debts.

We think that in both instances petitioner has established the existence of unadjudicated claims rather than valid debts. With re-

spect to the Ravelli matter, petitioner's own attorney advised him that he had only a slight chance of winning a lawsuit against her. If, as petitioner contends, a valid debt existed, he would be concerned not so much with the question of obtaining a judgment, but rather with the matter of collection. Petitioner may or may not have had a meritorious claim against Mrs. Ravelli. The facts do show, however, that petitioner was not required or requested to assume any personal liability in handling the account and that he felt a moral obligation on account of the losses sustained while he was absent and unable to give the account his personal attention and for that reason voluntarily guaranteed her account. A mere voluntary assumption of an obligation is not sufficient to create a basis for a bad debt deduction. See *Jamie A. Bennett*, 40 B. T. A. 745; cf. *Robinson* v. *Commissioner*, 53 Fed. (2d) 810. Assuming as correct petitioner's contention that when he made the last payment to the firm in 1934, he acquired whatever rights the firm had in the account, the fact remains that the record does not establish that Mrs. Ravelli had a definite legal liability to pay a specified sum of money to the firm. The record does not show to what extent the firm or the petitioner was authorized to make commitments for Mrs. Ravelli or any other terms and conditions of the arrangement except that in the beginning it was a "discretionary" account. After petitioner guaranteed her account the firm seemed to look to him for payment of the losses, and apparently made no effort to collect from her. In her letter to petitioner Mrs. Ravelli declined to assume any liability for the losses sustained. On this record we can not conclude that a valid debt existed. Moreover, even if we assume the existence of a valid debt, we do not think petitioner has established its worthlessness. He had reasons of his own not to press the matter and on the basis of the record here we could not conclude that a judgment in the amount claimed could not be collected. The respondent is sustained on this issue.

With respect to the second issue, we also think the facts disclose the existence of an unadjudicated claim against Philip Wick rather than a valid and subsisting debt. Petitioner does not contend that any claim which he might have had against Wick for breach of the partnership agreement constituted a "debt" within the meaning of the act. Cf. *Wadsworth Manufacturing Co.* v. *Commissioner*, 44 Fed. (2d) 762; and *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243. His contention is that such claim was converted into a valid and subsisting debt by reason of certain oral statements made by Wick to the effect that he would reimburse petitioner for his losses. Petitioner expressly disavows any implication that Wicks misappropriated or embezzled any funds, yet his authority for his above contention consists of several cases involving embezzlement. *Douglas*

*County Light & Water Co.* v. *Commissioner*, 43 Fed. (2d) 904; *Ledger Co.* v. *United States*, 37 Fed. (2d) 775; and *Farish & Co.* v. *Commissioner*, 31 Fed. (2d) 79.

Those cases are clearly distinguishable. Once embezzlement is admitted, as in those cases, there is no question as to legal liability and a promise to repay merely amounts to an admission of the legal obligation. In the instant case we have not seen a copy of the partnership agreement and on the basis of the record before us we could not, as a question of law, determine that Wick's management of the firm's business was such as to make him legally liable to petitioner for his losses, and moreover, we can not determine that Wick's statement to petitioner amounted to an admission of legal liability under the contract. The record indicates that Wick may have had a number of reasons for making that statement and another fact which indicates that Wick did not regard his statement as having any binding effect is that he subsequently offered to settle the matter by giving petitioner his note for $50,000. Petitioner does not contend that this latter offer, which was rejected, created a valid debt for $50,000, apparently preferring to rely on his contention that there was a debt for the full amount of his losses, the exact amount of which is not shown by the record. On this point he states on brief that a deduction for only $50,000 was claimed because it represented the "minimum" amount he was entitled to deduct.

Petitioner's negotiations with his attorney with respect to his handling the matter might indicate that petitioner himself did not regard his claim as having been converted into a valid debt. The record does not disclose whether petitioner's counsel contemplated an action on the alleged debt or an action on the contract, but the negotiations and arrangements, together with other facts of record, suggest the latter. Finally, assuming that a valid debt was created by Wick's oral statement, petitioner has not shown what value, if any, the debt had at the time of acquisition. *Eckert* v. *Burnet*, 283 U. S. 140; *Park* v. *Commissioner*, 58 Fed. (2d) 965; and *C. H. White*, 15 B. T. A. 1375.

We conclude that at the time of Wick's death petitioner had nothing more than an unadjudicated claim for breach of the partnership agreement, and that does not constitute a valid debt within the meaning of the act. *Wadsworth Manufacturing Co.* v. *Commissioner*, *supra*, and *Lewellyn* v. *Electric Reduction Co.*, *supra*. The respondent is sustained on this issue.

Another issue raised in the petition for 1935, involving the taxability of certain dividends received by petitioner from the Consolidated Freight Handling Co. has been abandoned by petitioner.

*Decision will be entered under Rule 50.*