152

**John H. KUGEL and Adelaide Kugel, Plaintiffs,**

**v.**

**Raymond F. RYAN, formerly Acting Collector of Internal Revenue for the Second Collection District of New York (now known as Lower Manhattan Office) and Denis J. McMahon, formerly Collector of Internal Revenue for the Second Collection District of New York, now District Director of Internal Revenue of said District (now known as Lower Manhattan Office), Defendants.**

United States District Court
S. D. New York.

Dec. 21, 1959.

Sher & Roeder, New York City, for plaintiffs. Martin A. Roeder, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for defendants. Marguerite R. de Smet, Asst. U. S. Atty., New York City, of counsel.

METZNER, District Judge.

Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

This is an action by the plaintiffs seeking a refund for income taxes for the year 1946 in the amount of $19,125.35. It results from an assessment entered after audit of the plaintiffs' tax return for that year, which the plaintiffs paid.

The plaintiffs were partners with one Robert H. Sparks in the business of trading in Government bonds. The money for the venture was put up by the

plaintiffs. In April of 1946 the partnership had suffered severe losses and the plaintiffs, pursuant to the partnership agreement, gave notice of a dissolution of the partnership, effective April 29, 1946. Sparks had a 30% interest in the partnership and as of the dissolution date it is claimed that the loss attributable to this share was approximately $27,000. Demand was made upon Sparks for this sum which he refused to pay. On December 20, 1946, the plaintiffs commenced an action against Sparks for an accounting and demanded judgment against Sparks for his share of the losses. Sparks filed an answer denying the allegations of the complaint and asserting several counterclaims against the plaintiffs for which he demanded judgment in the sum of $50,000. In 1951 the action was settled by the payment of $12,500 by Sparks to the plaintiffs. It is asserted that Sparks settled this claim in order to gain employment.

The plaintiffs took a deduction in their income tax return for the year 1946 in the amount that they claim was Sparks' distributive share of the losses. On the argument the Government conceded that any judgment in 1946 that might have been recovered against Sparks would be uncollectible.

It is the Government's contention that the only basis for a taxpayer taking a deduction for a loss he sustained by reason of assuming the obligation of a co-partner's distributive share of business losses is Section 23 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23. That section provides:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\*   \*   \*   \*   \*   \*

"(k) Bad Debts.

"(1) General rule. Debts which became worthless within the taxable year  \* \* \*".

Plaintiffs claim that their right to a deduction flows from Section 23(e) (1), which provides that in computing net income there shall be allowed as deductions losses sustained by an individual during the taxable year if incurred in trade or business.

Section 23(k) would clearly apply to plaintiffs' distributive share of the losses of the partnership, but not to the distributive share of a co-partner which plaintiffs undertook to pay. If one partner is forced to pay another partner's losses a debt is created, assuming, of course, that the amount thereof has been settled between the parties. Schaff v. Commissioner, 1942, 46 B.T.A. 640; Kyne v. United States, D.C.W.D.Ky.1958, 180 F.Supp. 53; Guggenheimer v. Commissioner, 1944, 8 T.C. 789.

In the case at bar Sparks denied liability for the $27,000 and in addition sought recovery against plaintiffs on a counterclaim. While it may be true that Sparks was judgment-proof in 1946, at that time the claim was unliquidated and from all that appears plaintiffs may have been indebted to Sparks. The fact that in 1951 Sparks settled the lawsuit for $12,500 cannot be related back to the deduction taken by the plaintiffs in their tax return filed in 1946. The reasons for settlements are varied and are consistent with many theories, but certainly not with a claim of a liquidated debt in 1946. The Court is of the opinion that Section 23(k), relating to bad debts, is the applicable statute here. See Spring City Foundry Co. v. Commissioner, 7 Cir., 1934, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200; Thomas v. Commissioner, 2 Cir., 1938, 100 F.2d 408, 121 A.L.R. 469.

Plaintiffs contend that the Guggenheimer case, supra, does not sustain the Government's position, but in fact is authority for the proposition that the deduction may be taken under 23(e). A reading of the case does not support this view. In that case the books of the partnership in the year 1940 showed a credit balance to the taxpayer of $86,203.72. In that year the taxpayer settled this amount with his co-partners for $47,-275.81. On his income tax return for 1940, the year of the settlement, he deducted the difference of $38,927.91 as a

bad debt. The court refused to allow the deduction as a bad debt on the ground that,

"his failure to collect the full amount of that claim does not support a bad debt deduction." (8 T.C. at page 794.)

However, the court did permit the taxpayer to deduct as a business loss this amount of $38,927.91 in the year of the settlement as that was the year the loss was incurred. In the case at bar that would be in the year 1951.

Motion granted. Settle order.