WESTERN CASKET CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2545. Promulgated June 25, 1928.

*William S. Bennet, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

Morris: The first question presented is whether the statute of limitations constitutes a bar to the collection of the proposed additional taxes. The petitioner cites on brief numerous decisions of the Board, and four decisions of the Federal courts, including *Bowers v. New York & Albany Lighterage Co.*, 273 U. S. 346, which it is claimed supports petitioner's contention that the collection of the proposed taxes is barred by the statute of limitations. In *Art Metal Works*, 9 B. T. A. 491, after discussing various court decisions, we held that where an assessment is made within the five-year period of limitation, and the Revenue Act of 1924 was enacted prior to the

expiration of such five-year period, the respondent has six years from the date of the assessment within which to bring suit or other proceeding for the collection of the tax, by virtue of section 278 (d) of the Revenue Act of 1924. Accord: *Stickley Bros. Co.*, 9 B. T. A. 935, and *Luce Furniture Co.*, 9 B. T. A. 1413. The decision of the Supreme Court in *Bowers* v. *New York & Albany Lighterage Co.*, *supra*, does not involve the question herein.

Upon the authority of the above cited decisions we hold that as to 1918 the proposed tax is not barred because the assessment was timely made, i. e., on October 6, 1922, the five-year period did not expire until June 13, 1924, and prior thereto the Revenue Act of 1924 was passed which gave the respondent six years from the date of assessment to begin a suit or other proceeding for collection of the taxes. As to the taxes for 1917, we are of the opinion that they are barred by the statute of limitations for the reason that the five-year period provided for by section 250 (d) of the Revenue Act of 1921, expired prior to the enactment of the 1924 Act, namely, on April 1, 1923. The bond given by the petitioner was not a consent in writing as prescribed by the statute. *C. B. Shaffer*, 12 B. T. A. 298.

The second question is whether petitioner is entitled to reduce 1918 income by the amount of $132,385.33 under section 234 (a) (5) of the Revenue Act of 1918. The issue narrows itself to whether there has been a proper ascertainment of worthlessness, since the charge off on December 31, 1918, was stipulated.

The petitioner adduced evidence to show that the undertaking company failed to make a profit in 1918, an unusually good business year, that subsequent to 1918 the debtor has not only failed to pay up its back account but has incurred a new indebtedness to the petitioner of over $12,000, and that the debtor has been permitted to stay in business due to the tolerance of its two chief creditors, namely, the petitioner and Edward Hines, a brother-in-law of petitioner's president. The evidence indicates, however, that the undertaking company possessed certain valuable assets upon which partial recovery on the debt could have been made. We were not advised of the total amount of the accounts receivable of the debtor company, but of the total the petitioner considered $42,215.16 collectible. In our opinion the facts do not warrant an ascertainment of worthlessness. The Revenue Act of 1918 failed to provide for a partial charge off of a bad debt, and, therefore, it follows that the action of the respondent must be approved. Accord: *Steele Cotton Mill Co.*, 1 B. T. A. 299; and *American Foundry Co.*, 11 B. T. A. 575.

*Judgment will be entered under Rule 50.*