## SPRING CITY FOUNDRY CO. *v.* COMMISSIONER OF INTERNAL REVENUE.

Nos. 727 and 728. Argued April 3, 1934.—Decided April 30, 1934.

*Messrs. Richard H. Tyrrell* and *Edgar L. Wood* for petitioner.

*Mr. Erwin N. Griswold,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. James W. Morris* and *Carlton Fox* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitions for writs of certiorari were granted, " limited to the question whether a debt ascertained to be partially worthless in 1920 was deductible in that year under either § 234 (a) (4) or § 234 (a) (5) [of the Revenue Act of 1918] and to the question whether the debt was returnable as taxable income in that year to the extent that it was then ascertained to be worthless." 291 U.S. 656.

Petitioner kept its books during the year 1920 and filed its income tax return for that year on the accrual basis. From March, 1920, to September, 1920, petitioner sold goods to the Cotta Transmission Company for which the latter became indebted in the amount of $39,983.27, represented by open account and unsecured notes. In the latter part of 1920 the Cotta Company found itself in financial straits. Efforts at settlement having failed, a petition in bankruptcy was filed against the Company on December 23, 1920, and a receiver was appointed. In the spring of 1922 the receiver paid to creditors, including petitioner, a dividend of 15 per cent. and, in 1923, a second and final dividend of 12½ per cent.

Petitioner charged off on its books the entire debt on December 28, 1920, and claimed this amount as a deduction in its income tax return for that year. It included as income in its returns for 1922 and 1923 the dividends received in those years. The Commissioner disallowed the amount claimed as a deduction in 1920 but allowed a

deduction in 1923 of $28,715.76, the difference between the full amount of the debt and the two dividends.

On review of the deficiency assessed by the Commissioner for 1920, the Board of Tax Appeals found that the debt was not entirely worthless at the time it was charged off. An offer had been made in November, 1920, to purchase the assets of the debtor at 33⅓ per cent. of the creditors' claims and the offer had been declined. The Board concluded that in view of all the circumstances, including the probable expense of the receivership, the debt could be regarded as uncollectible, at the time of the charge-off, to the extent of $28,715.76, and allowed a deduction for 1920 of that amount. 25 B.T.A. 822. This ruling, contested by both the Commissioner and the taxpayer, was reversed by the Circuit Court of Appeals upon the ground that " there was in 1920 no authority for a debt deduction unless the debt were worthless." 67 F. (2d) 385, 387. In view of the conflict of decisions upon this point,[1] this Court granted writs of certiorari limited as above stated.

■ Petitioner first contends that the debt, to the extent that it was ascertained in 1920 to be worthless, was not returnable as gross income in that year, that is, apart from any question of deductions, it was not to be regarded as taxable income at all. We see no merit in this contention. Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the *right* to receive and not the actual receipt that determines the inclusion of the amount in gross income. When the right to receive an amount becomes

---

[1] See *Sherman & Bryan, Inc.* v. *Commissioner*, C.C.A. 2d, 35 F. (2d) 713, 716; *Davidson Grocery Co.* v. *Lucas*, 59 App.D.C. 176; 37 F. (2d) 806; *Murchison National Bank* v. *Grissom*, C.C.A. 4th, 50 F. (2d) 1056. Compare *Minnehaha National Bank* v. *Commissioner*, C.C.A. 8th, 28 F. (2d) 763; *Collin County National Bank* v. *Commissioner*, C.C.A. 5th, 48 F. (2d) 207, 208.

fixed, the right accrues. When a merchandising concern makes sales, its inventory is reduced and a claim for the purchase price arises. Article 35 of Regulations 45 under the Revenue Act of 1918 provided: " In the case of a manufacturing, merchandising, or mining business ' gross income ' means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources." [2]

On an accrual basis, the " total sales," to which the regulation refers, are manifestly the accounts receivable arising from the sales, and these accounts receivable, less the cost of the goods sold, figure in the statement of gross income. If such accounts receivable become uncollectible, in whole or part, the question is one of the deduction which may be taken according to the applicable statute. See *United States* v. *Anderson,* 269 U.S. 422, 440, 441; *American National Co.* v. *United States,* 274 U.S. 99, 102, 103; *Brown* v. *Helvering,* 291 U.S. 193, 199; *Rouss* v. *Bowers,* 30 F. (2d) 628, 629. That is the question here. It is not altered by the fact that the claim of loss relates to an item of gross income which had accrued in the same year.

■ Section 234 (a) (5) of the Revenue Act of 1918 provided for the deduction of worthless debts, in computing net income, as follows:—" Debts ascertained to be worthless and charged off within the taxable year." Under this provision, the taxpayer could not establish a right to the deduction simply by charging off the debt. It must be ascertained to be worthless within the taxable year. In this instance, in 1920, the debt was in suspense by reason of the bankruptcy of the debtor but it was not a total loss. What eventually might be recovered upon it was uncertain, but recovery to some extent was reasonably to be

---

[2] This provision has been carried forward in the regulations under the later revenue acts. See Regulations 77, Article 55.

expected. The receiver continued the business and substantial amounts were subsequently realized for the creditors. In this view, the Board of Tax Appeals decided that the petitioner did not sustain a loss in 1920 " equal to the total amount of the debt " and hence that the entire debt was not deductible in that year.

The question, then, is whether petitioner was entitled to a deduction in 1920 for the portion of the debt which ultimately—on the winding up in bankruptcy—proved to be uncollectible. Such a deduction of a part of the debt, the Government contends and the Circuit Court of Appeals held, the Act of 1918 did not authorize. The Government points to the literal meaning of the words of the statute, to the established administrative construction, and to the action of the Congress in recognition of that construction. " Worthless," says the Government, means destitute of worth, of no value or use. This was the interpretation of the statute by the Treasury Department. Article 151 of Regulations 45 (made applicable to corporations by Article 561) provided that "An account merely written down " is not deductible.[3] To the same effect was the corresponding provision of the regulations under the Revenue Act of 1916.[4]

---

[3] Article 151 of Regulations 45 provided: " *Bad debts.*—An account merely written down or a debt recognized as worthless prior to the beginning of the taxable year is not deductib!e. Where all the surrounding and attendant circumstances indicate that a debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction. Bankruptcy may or may not be an indication of the worthlessness of a debt, and actual determination of worthlessness in such a case is sometimes possible before and at other times only when a settlement in bankruptcy shall have been had. . . ."

See, also, Article 151 of Regulations 45 (Revised) promu!gated January 28, 1921.

[4] Regulations 33 (Revised), Article 151.

The right to charge off and deduct a *portion* of a debt where during the taxable year the debt was found to be recoverable only in part, was granted by the Act of 1921. By that Act, § 234 (a) (5) was "changed so as to read: " Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part." We think that the fair import of this provision, as contrasted with the earlier one, is that the Congress, recognizing the significance of the existing provision and its appropriate construction by the Treasury Department, deliberately intended a change in the law. *Shwab* v. *Doyle,* 258 U.S. 529, 536; *Russell* v. *United States,* 278 U.S. 181, 188.

This intent is shown clearly by the statement in the report of the Committee on Ways and Means of the House of Representatives in relation to the new provision. The Committee said explicitly—" Under the present law worthless debts are deductible in full or not at all." [5] While the change was struck out by the Finance Committee of the Senate, the provision was restored on the floor of the Senate and became a law as proposed by the House. [6] Regulations 62 issued by the Treasury Depart-

---

[5] H.Rep. No. 350, 67th Cong., 1st sess., p. 11. The statement of the Committee is: " Under the present law worthless debts are deductible in full or not at all, but Section 214 would authorize the Commissioner to permit a deduction for debts recoverable only in part, or in his discretion to recognize a reserve for bad debts—a method of providing for bad debts much less subject to abuse than the method of writing off bad debts required by the present law." Section 214 related to deductions by individuals and contained the same new provision as that inserted in § 234 (a) (5), quoted in the text, with respect to deductions by corporations.

[6] S.Rep. No. 275, 67th Cong., 1st sess., p. 14; Cong. Rec., vol. 61, pt. 6, pp. 5814, 5939–5941, 6109, 6110; pt. 7, p. 6727.

ment under the Act of 1921 made a corresponding change in Article 151. The Treasury Department consistently adhered to the former rule in dealing with deductions sought under the Act of 1918.[7]

In numerous decisions the Board of Tax Appeals has taken the same view of the provision of the Act of 1918.[8] See *e.g.*, Appeal of Steele Cotton Mill Co., 1 B.T.A. 299, 302; Western Casket Co. *v.* Commissioner, 12 B.T.A. 792, 797; Toccoa Furniture Co. *v.* Commissioner, 12 B.T.A. 804, 805. The contrary result in the instant case was reached in deference to the opinions expressed by the Circuit Court of Appeals of the Second Circuit in *Sherman & Bryan, Inc.* v. *Commissioner*, 35 F. (2d) 713, 716, and by the Court of Appeals of the District of Columbia in *Davidson Grocery Co.* v. *Lucas*, 59 App.D.C. 176; 37 F. (2d) 806, 808,—views which are opposed to those of the Circuit Courts of Appeals of the Eighth Circuit in *Minnehaha National Bank* v. *Commissioner*, 28 F. (2d) 763, 764, and of the Fifth Circuit in *Collin County National Bank* v. *Commissioner*, 48 F. (2d) 207, 208.

We are of opinion that § 234 (a) (5) of the Act of 1918 authorized only the deduction of a debt ascertained to be worthless and charged off within the taxable year; that it

---

[7] In Treasury decision 3262, I–1, Cumulative Bulletin, January–June, 1922, 152, 153, it was said: " No deduction shall be allowed for the part of a debt ascertained to be worthless and charged off prior to January 1, 1921, unless and until the debt is ascertained to be totally worthless and is finally charged off or charged down to a nominal amount, or the loss is determined in some other manner by a closed and completed transaction." See, also, A.R.R. 7895, III–2, Cumulative Bulletin, July–December, 1924, 114, 115; A.R.R. 8226, III–2, Cumulative Bulletin, 116, 119–121.

[8] The members of the Board of Tax Appeals who dissented in the instant case pointed out that the Board had " consistently held in at least twenty-three cases that under the Revenue Act of 1918 no deduction may be taken where a taxpayer ascertains that a debt is recoverable only in part." 25 B.T.A., p. 834.

did not authorize the deduction of a debt which was not then ascertained to be worthless but was recoverable in part, the amount that was not recoverable being still uncertain. Here, in 1923, on the winding up, the debt that then remained unpaid, after deducting the dividends received, was ascertained to be worthless and the Commissioner allowed deduction accordingly in that year.

■ Petitioner also claims the right of deduction under § 234 (a) (4) of the Act of 1918 providing for the deduction of " Losses sustained during the taxable year and not compensated for by insurance or otherwise." We agree with the decision below that this subdivision and the following subdivision (5) relating to debts are mutually exclusive. We so assumed, without deciding the point, in *Lewellyn* v. *Electric Reduction Co.*, 275 U.S. 243, 246. The making of the specific provision as to debts indicates that these were to be considered as a special class and that losses on debts were not to be regarded as falling under the preceding general provision. What was excluded from deduction under subdivision (5) cannot be regarded as allowed under subdivision (4). If subdivision (4) could be considered as ambiguous in this respect, the administrative construction which has been followed from the enactment of the statute—that subdivision (4) did not refer to debts—would be entitled to great weight.[9] We see no reason for disturbing that construction.

Petitioner insists that " good business practice " forbade the inclusion in the taxpayer's assets of the account receivable in question or at least the part of it which was subsequently found to be uncollectible. But that is not the question here. Questions relating to allowable deductions under the income tax act are quite distinct from matters which pertain to an appropriate showing upon

[9] See Regulations 45, Articles 141 to 145; compare Articles 151 to 154.

which credit is sought. It would have been proper for the taxpayer to carry the debt in question in a suspense account awaiting the ultimate determination of the amount that could be realized upon it, and thus to indicate the status of the debt in financial statements of the taxpayer's condition. But that proper practice, in order to advise those from whom credit might be sought of uncertainties in the realization of assets, does not affect the construction of the statute, or make the debt deductible in 1920, when the entire debt was not worthless, when the amount which would prove uncollectible was not yet ascertained, rather than in 1923 when that amount was ascertained and its deduction allowed.

We conclude that the ruling of the Circuit Court of Appeals was correct.

*Judgment affirmed.*