THE K. TAYLOR DISTILLING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92261. Promulgated June 7, 1940.

*Herbert A. Friedlich, Esq., Harry Thom, Esq.*, and *Benjamin A. Ragir, Esq.*, for the petitioner.

*John D. Kiley, Esq.*, for the respondent.

10

**OPINION.**

STERNHAGEN: 1. The Commissioner's determination included the following adjustment:

(a) Income has been adjusted to reflect the accrual of Kentucky production tax, assumed by the purchaser, in income for the taxable year. After a careful consideration and review of all the facts and information submitted in support of your contention that the production tax on whiskies is not income until actually received from the purchaser upon withdrawal from the warehouse, you are advised that the Bureau holds that all items entering into the transaction whereby the sale of your product is recorded on your books must be treated alike. There can be no segregation whereby a part of the total sale price (including storage charges and taxes) can be set aside and reported at some

future or problematical date. Such a method would contravene the provisions of article 41–2 of Regulations 86, which provides that "a method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency."

The petitioner assails this ruling. It contends that the $47,699.39 production tax applicable to whiskey sold in 1935 which had not yet been withdrawn from the warehouse was not accruable as a reimbursement to it because (a) there was no enforceable right to its collection in 1935; (b) the holders of the warehouse receipts were unknown to it; (c) there was doubt as to its collection; and (d) in fact some was not collected.

The contention must be rejected. When the whiskey was sold, whether for immediate delivery or upon a warehouse receipt, the consideration invariably included the amount identified as the exact equivalent of the amount which petitioner had been required to pay as the production tax. Petitioner as the producer was alone subject to this tax. When it paid the tax, either directly or by credit against its advance deposit, the tax obligation was discharged, and to speak of the amount thereafter as a tax was but a convenience. Between seller and buyer it was merely a factor of the sale price. Thus it was among petitioner's accrued receipts equally with the other elements of the sale price which petitioner was to receive and the purchaser or his assignee or successor was to pay. To omit it as an accrued item while including the rest of the unpaid price and deducting the taxes as an item of cost would be a distortion rather than a clear reflection of income.

There was in petitioner an enforceable right to receive the contract price protected by the withheld warehouse receipt and collectible from the person, regardless of identity, who presented the receipt and took delivery. Whether such person was unknown to petitioner was of no importance in respect of the accrual of the elements of the sale price.

The doubt as to whether the amount would ever be received is no more than the doubt inherent in every such market transaction. It does not affect the accrual of the fixed price when the sale is made even though it may be necessary or proper to make an adjustment in a later year if things turn out differently from the supposition upon which the accrual was made. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. This is not a case where the amount in all reasonable likelihood will never be received. The respondent's determination must be sustained.

2. The same reasoning requires the denial of petitioner's contention that the storage charges which it makes for holding the whiskey until the warehouse receipt is presented and the whiskey withdrawn

should not be accrued until delivery is made. Such charges are at a fixed and definite rate. Each year the accrued but unpaid storage charges are ascertainable. The petitioner accrues them on its books and properly included the amount of such accrual on its tax return. It is not entitled to have this item changed.

*Decision will be entered under Rule 50.*