ITALIAN MOSAIC & MARBLE CO. v.
COMMISSIONER OF INTERNAL
REVENUE.

No. 37.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1942.

Elijah W. Holt of Buffalo, N. Y., for petitioner.

Earl C. Crouter, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN and CHASE, Circuit Judges.

### PER CURIAM.

The taxpayer's argument must depend upon the theory that, when it decided to cancel one-half the debt in 1936, and the other half in 1937, in order to improve the financial condition of its affiliate, it "ascertained" the cancelled parts to be "worthless" under § 23(k) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 828. That would imply that, whenever a taxpayer supposes with reason that all his claims against a debtor are not good, and that he will in the end get more out of those which he retains by cancelling one so far as it has become worthless in whole or in part, he may deduct what he charges off. Such seems to have been the holding of a majority of the Sixth Circuit in Deeds v. Commissioner, 47 F.2d 695; but it seems to us that, assuming the rule to be right, it does not apply in the case at bar.

 The situation may arise when the cancelled claim is (1) junior to the claims retained, (2) on a parity with them, or (3) senior to them. If it is junior, the creditor may indeed cancel it in order to relieve the debtor and give his senior claims a better chance of survival; but that was not this case. If the cancelled claim is on a parity with the others, all the claims have necessarily become worthless to the same extent. Conceivably in that case the taxpayer may select one claim to cancel and charge off in whole or in part as the facts may warrant, even though his motive be by relieving his debtor somewhat to revive the others; but there is no evidence that in 1936 the claims against the taxpayer's affiliate had all become one-half worthless, and no taxpayer may cumulate upon one claim the partial declines of several. The affiliate owed $73,000 by the end of 1936, but it had valuable assets, against which the taxpayer had in that year advanced $30,000 and guaranteed the affiliate's loan of $50,000. There was no evidence to justify a finding that all the debts had gone off by one-half; and there was no change in the month of January, 1937, at the end of which the taxpayer charged off the second half.

Finally, if the cancelled claim be senior to that retained, as in the case of a claim against a corporation whose shares the taxpayer holds, he must show that, although at the moment his shares are worthless, the total or partial cancellation of the debt—also worthless—will result in giving them some value. Theoretically that may be possible; but it would be a difficult thing to prove at best and the taxpayer did not prove it here. Nothing was further from its mind than that all its claims against its affiliate were, either half worthless in 1936, or wholly worthless in 1937. On the contrary the affiliate's prospects were by no means desperate, and the account was cancelled for the precise reason that they were not. Indeed this forecast the event seems to have proved to be true.

The argument that the deduction could be treated as a loss under § 23(f) is met by Spring City Company v. Commissioner, 292 U.S. 182, 189, 54 S.Ct. 644, 78 L.Ed. 1200.

Order affirmed.