LAB ESTATES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18595.   Promulgated November 29, 1949.

*Walter F. Sloan, Esq.*, and *Z. N. Diamond, Esq.*, for the petitioner.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

814

## OPINION.

DISNEY, *Judge*: The petitioner's position is, primarily, that for business reasons and considerations it agreed to nonpayment of certain rents, which were in arrears, that no gift was involved, and that the amounts are proper deductions as expense of business, or a loss. It is not concluded that the arrearages represented bad debts. The matter must be shown to be within the statute. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182; *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. The respondent argues that the total amount of rent arrearages due to and forgiven by the petitioner is neither an ordinary and necessary business expense nor a loss as provided by section 23 (a) and (f) of the Internal Revenue Code. He argues that "The same factor which principally militates against the deduction of the canceled indebtedness under the bad debt provision applies, however, to prevent the transactions from qualifying as losses," i. e., the petitioner has not pointed to any circumstances to indicate that the debt was worthless, and, further, that disposition in the nature of a purchase of something of unascertainable value is not an "identifiable event" which can make the determination of a loss possible.

The respondent, to substantiate his claim that the cancellation of the arrearages did not constitute a loss, relies on *Lee Mercantile Co.* v. *Commissioner*, 79 Fed. (2d) 391. His argument appears to be that the case is authority for the principle that a loss can not be claimed when a taxpayer makes a voluntary adjustment of an account owed by a customer. The taxpayer in the *Mercantile Co.* case was seeking a loss for the year 1927, but the court held that the record did not disclose any identifiable event by which to associate the loss with the 1927 tax year. That fact alone was sufficient for the court to hold as it did. The cloth involved had been delivered in 1920.

The taxpayer there did not contend, as here, that the amount involved was a deductible business expense. The customer was affirmatively shown to be a large and responsible concern, able to respond in damages. No business reason was shown for not recouping the loss. We consider the case not helpful here.

In contrast the instant case does have an identifiable event during the taxable year to connect it with the loss claimed. Such an event transpired when, during September 1944, both Livingston and Tyra requested that they be relieved of the rent arrearages and that their rental obligations be reduced. In consideration of that request, along with the fact that petitioner knew that both tenants were negotiating to lease stores at other locations, and their promise to continue the lease, petitioner forgave the arrearages here in question.

There can be no question in the instant case but that the accrual of the rent arrearages at the particular intervals was a proper transaction; in fact, neither party suggests otherwise. That being true, i. e., the accrual of the rental income being proper, petitioner would not now have the privilege of eliminating this income on its previous tax returns. See *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393. Neither can there be any question as to petitioner's reasons for forgiving the arrearages. It is certain that its acts could not be interpreted as bestowing gifts on its tenants. Petitioner's assistant secretary-manager testified that its forgiveness of the arrearages was based on the fact that both Livingston and Tyra were very desirable tenants in that they enhanced the business reputation of "The Berkshire" by presenting a good appearance and attracting a high type of clientele.

Filing of a suit would have been bad business, for it might have caused the tenants to press their negotiations to lease stores at other locations. See *Cruger Co.*, 11 B. T. A. 306.

In *Helvetia Milk Condensing Co.*, 5 B. T. A. 271, the question was considered as to when certain credits or payments made to jobbers constituted a reduction of the company's gross sales. There we held that the deduction was to be taken in the year of payment, because the liability did not accrue until payment was made. The facts in that case are different from the facts in the instant case, but the legal principle applied there has a close resemblance to the one to be applied in the instant case. The same principle was applied in *Chicago Pneumatic Tool Co.*, 21 B. T. A. 569, cited and relied on by the petitioner.

Petitioner had taxable income and paid a tax thereon, i. e., as to the amounts accrued on its books before January 1, 1944. Livingston and Tyra requested the rent arrearages be adjusted. We are not called upon to judge the wisdom of the petitioner's decision in granting the request. The fact is that it forgave the tenants of all the

rent arrearages due September 30, 1944. The case is a close corollary to the *Chicago Pneumatic Tool Co.* case. There the company found it necessary to adjust and reduce the prices of inventory on hand and we held that the credits representing such payments constituted a deductible loss, although the forgiving corporation owned the stock of those forgiven. Here there was no relationship between petitioner and Livingston and Tyra, except that of landlord and tenant. Nothing indicates donative intent, and business reasons appear for throwing off the amounts involved. The matter appears to us to come logically and clearly within business expense incurred, under section 23 (a) (1) (A) of the Internal Revenue Code, or loss, under section 23 (f). We so hold.

We see no real difference in principle between the rent arrearages accruing before January 1, 1944, and those accruing between January 1 and September 30, 1944. In any event, our holding on the first issue that the total amount of rent arrearage forgiven by the petitioner-landlord is an allowable deduction in computing its taxable net income makes a decision of petitioner's alternative contention unnecessary.

Because of other adjustments in the deficiency notice, not specified as error in the petition,

*Decision will be entered under Rule 50.*