LEO L. POLLAK AND VIRGINIA M. POLLAK, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38483. Promulgated May 19, 1953.

*Benjamin Alpert, Esq.*, for the petitioners.
*John E. Mahoney, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The only question here is whether the petitioners are entitled to a deduction under section 23 (e) (2) for a loss of $96,-410 sustained in a transaction entered into for profit. The Commissioner argues that the only deduction to which they are entitled is for a worthless nonbusiness debt under section 23 (k) (4). Both agree that the two sections are mutually exclusive. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. The petitioners agree that if there was a debt it was a nonbusiness debt but they point out that there was no debt owed by the corporation to Leo until he began to make

payments to the bank on his guaranty on March 14, 1949, and, they argue, by that time and thereafter the corporation was obviously insolvent and although it continued to exist, "no debt exists for tax purposes" where, as here, it was obvious, when the money was paid, the debtor was insolvent and there was no expectation of it being repaid except in a "trifling amount." They argue that the lack of assets of the debtor at the time the payments were made is controlling rather than the nonexistence of a debtor at that time[1] and cite cases where no deduction for a bad debt was allowed because the money was advanced without expectation of repayment. The cases cited are not in point because there the deduction was disallowed because the transaction was not a genuine arm's-length loan. Here there was no such lack of genuine business purpose or motive at the time when Leo first became involved in the loans, which is the time to be considered because it was then, but never thereafter, that he exercised his free will. Leo, when he endorsed the notes, fully intended and expected to be repaid by the then existing solvent corporation if he was ever called upon to make good his endorsement or guaranty. He had no altruistic motive in endorsing the notes. He anticipated that he would become and have the rights of a creditor if called upon to repay the loans to the bank. He filed a claim against the bankrupt for the debt and received a dividend on his claim.

A deduction for any bad debt was just as beneficial tax-wise as a deduction for loss prior to 1942 when Congress first provided that nonbusiness bad debts were to be considered a short-term capital loss. Thus, the present question might not have been in the mind of the Court in a case involving earlier years. The petitioners cite no case which considers the present question and decides it in their favor.

There was a debt due Leo from the corporation and he suffered because the corporation was unable to pay what it owed him. Section 23 (k) (4) applies. Cf. *Kate Baker Sherman*, 18 T. C. 746.

*Decision will be entered for the respondent.*

---

[1] This case differs from *Agnes I. Fox*, 14 T. C. 1160, reversed 190 F. 2d 101, in which there was no debtor in existence at the time the alleged debt arose.