OPINION. Tietjens, Judge,: The Commissioner, in determining the deficiency, held the $5,000 loss to be a nonbusiness bad debt allowable under section 23 (k) (4) subject to the limitations of section 117 (d) (2), Internal Revenue Code of 1939. The petitioner alleges this to be error and prays that the deduction be allowed as a business bad debt. Petitioner also contends on brief, without objection, that the loss was allowable as a business or investment loss. On the facts, we think that the loss in question was a loss incurred in petitioner’s business and not as a bad debt. Though petitioner took a note in connection with the transaction it appears that the amount of the note really was evidence of petitioner’s investment in the joint venture. There is nothing to show that he ever attempted to collect the note or that he shared in the assets of the venture along with other creditors. On brief, petitioner’s counsel complains of respondent’s treatment of the obligation as a debt. Of course this treatment was justified because petitioner himself had so characterized the obligation both in his pleadings and in the opening statement. We recognize that there is a distinction between losses and worthless debts; we also recognize that the courts have considered, without objection, claims for the allowance of a bad debt or a loss in the alternative. 5 Mertens, Law of Federal Income Taxation, sec. 28.38. O. D. Bratton v. Commissioner, 217 F. 2d 486. See also Lidgerwood Manufacturing Co., 22 T. C. 1152, where this Court said: Obviously, a “loss,” in the generic sense, cannot be both a “bad debt” and a “business loss.” Spring City Foundry Co. v. Commissioner, 292 U. S. 182 (1934). But the petitioner is not precluded from arguing both theories in the hope of showing the applicability of one of them to the facts presented. As indicated above, petitioner suffered his loss as a result of his investment in a joint venture or partnership. A loss of this type is deductible in the year it is sustained. Herman J. Sternberg, 32 B. T. A. 1039. Respondent concedes here that the loss was suffered in 1949 and we think it is properly allowable in full in that year. Reviewed by the Court. Decision will be entered for the petitioners. Keen, J., dissents.