LAVO COMPANY OF AMERICA, Appellant, v. DEPARTMENT OF TAXATION, Respondent.

*March 6—April 4, 1961.*

For the appellant there was a brief and oral argument by *Maurice Weinstein* of Milwaukee.

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

HALLOWS, J.   The sole issue on this appeal is whether there is substantial credible evidence to support the finding of the board of tax appeals that a promissory note given to the appellant Lavo Company by the Rose Manor Realty

Company was intended by the parties to bear interest; the appellant claims not. A review of the record is necessary.

Lavo and Rose Manor are both Wisconsin corporations with the same officers, directors, and stockholders. Lavo keeps its books and reports its income on an accrual basis; Rose Manor on a cash basis. On August 13, 1941, Lavo sold to Rose Manor a parking lot on a land contract for $57,000. The contract and a promissory note given therewith provided for a down payment of $2,000, the balance of $55,000 to be paid at the rate of $2,500 each March and September 1st and interest on the unpaid balance at $4\frac{1}{4}$ per cent. Louis Rosenberg, the president and owner of all, except two, of the shares of stock of both companies, handled the transaction exclusively, representing both companies.

The corporate minutes of both companies showed the terms of the contract and note, including the provision for $4\frac{1}{4}$ per cent interest. Three instalment principal payments were made. Lavo's tax returns for 1942 showed interest income of $2,381.77, which equals the amount of interest due on the two principal instalment payments of March 1st and September 1st of 1942. Rose Manor in its 1942 returns deducted interest of $2,631.77, or $250 more than the interest reported by Lavo for that year. There is no direct testimony that Rose Manor paid this interest to Lavo. In each of the years 1943 to 1947 inclusive, the unpaid balance of the promissory note was $47,500, and it was stipulated that during these years Rose Manor did not pay interest to Lavo. Lavo likewise did not accrue any interest for these years. The additional assessment, as modified on the abatement hearing, resulted from the inclusion of interest on the promissory note in Lavo's tax returns.

At the hearing before the board of tax appeals, Louis Rosenberg testified by deposition that he had no intention any interest would be paid and the rate of interest was put

in the documents and in the minutes because he thought "interest had to be shown on the note." He also testified he did not intend to collect interest because "they were both his companies and it would be just taking it from one to the other." This testimony is uncontradicted in the record.

Appellant contends the interest on the note did not accrue so as to require Lavo to report it as taxable income because Lavo never received the interest and no interest was intended to be paid. Whether Lavo actually received this interest is immaterial if it had a right to receive interest because Lavo was on an accrual basis. *Spring City Foundry Co. v. Commissioner* (1934), 292 U. S. 182, 54 Sup. Ct. 644, 78 L. Ed. 1200; *Commissioner v. Edwards Drilling Co.* (5th Cir. 1938), 95 Fed. (2d) 719. This rule has been adopted by the Wisconsin board of tax appeals in *B. H. Stahr Co. v. Department of Taxation* (1947), 3 WBTA 256. Accruability of income is determined by the right to receive the income. "When the right to receive an amount becomes fixed, the right accrues" and the taxpayer on an accrual basis must report it whether he actually receives it or not in that year. *Johnson v. Commissioner* (1956), 233 Fed. (2d) 952; *Spring City Foundry Co. v. Commissioner, supra.*

The appellant further contends that when there is no intention that interest be paid, the right to receive interest does not become fixed notwithstanding the promissory note provided for interest payments. In the cases relied upon by the appellant, it was found as a fact there was no intention to pay interest, and hence no liability to pay existed. *Combs Lumber Co. v. Commissioner* (1940), 41 B. T. A. 339; *Society Brand Clothes, Inc., v. Commissioner* (1952), 18 T. C. 304. But these cases do not determine there was no intention to pay interest under the facts of the instant case or there was no accrual of income.

Here the question is factual. Was there an intention by both companies that interest should be paid? While the in-

tention not to pay interest would be consistent with the fact no interest was paid or accrued during the years in question, it is inconsistent with the inference which may reasonably be drawn from the 1942 tax returns. Such nonpayment and nonaccrual during the years 1943 to 1947 do not conclusively support the contention there was no intention to pay interest. The nonpayment of interest might be for many other reasons, especially where the same person controlled both the payment and the receipt. Would it be reasonable to state that because during the same years no payment was made on principal, such fact conclusively supports an inference that no principal payments were intended at the time the promissory note was executed providing for principal payments? True, Louis Rosenberg testified by deposition he did not intend interest to be paid. But he was dealing with himself, representing both corporations. The board of tax appeals was not bound to believe his testimony given nine years later and when it was to his advantage to so testify. No other officers of the corporation knew of this intention. The board of tax appeals, as the trier of the facts, could reasonably conclude that because such testimony was contradictory to the tax returns of 1942, the documents, and minutes, and without any supporting testimony from the other officers of the companies involved, such evidence was not convincing or credible. One who deals with himself on behalf of his companies cannot complain if the contemporaneous written record he makes of the transaction is found to correctly reflect his intention although contrary to what he later testifies was his undisclosed intention while acting in such common capacity.

It may be courts are not rigidly bound by written instruments in tax cases, and parol evidence may be introduced to conform them to the original intention. The difficulty here is with the *ex parte* proof of the claimed intention. This is not a case of two persons dealing at arm's length testifying

harmoniously to the same fact. We believe there was sufficient evidence to sustain the finding of the board of tax appeals and it was not bound to attach credibility to the testimony of Louis Rosenberg in view of the other facts in the record and the permissible inferences which could reasonably be drawn. It follows, the board of tax appeals did not act arbitrarily or capriciously and the circuit court was correct in affirming its decision and order.

*By the Court.*—Judgment affirmed.