**Robert C. HARRIS and Frances A. Harris, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–1463.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 29, 1984.

Decided Oct. 4, 1984.

Robert C. Harris, pro se.

Kenneth W. Gideon, Chief Counsel, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Carleton D. Powell, Patricia A. Willing, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KENNEDY, Circuit Judge, PHILLIPS, Senior Circuit Judge, and WOODS, District Judge.*

PER CURIAM.

This is an appeal from a Tax Court decision [1] finding petitioners liable for deficiencies in income tax due for the taxable years 1970 and 1971, and for additions to tax due for those same years. The additions were imposed due to violation of 26 U.S.C. § 6651(a)(1) (late filing) and 26 U.S.C. § 6653(a) (negligence).

During the years in question, 1970, 1971 and 1972, petitioners Robert and Frances Harris sold various pieces of real estate. They attributed the income from the sales to H & H Development Corporation (H & H), a corporation owned by petitioners, which was suffering serious financial losses. H & H purportedly filed timely tax returns claiming the income from these sales. However, the title to all of the real

---

* Honorable George E. Woods, United States District Court for the Eastern District of Michigan, Southern Division, sitting by designation.

1. The opinion of the Tax Court is reported at T.C.M. (P–H) ¶ 82,410 (1982).

estate, the instruments of sale, and other related documents were in Robert Harris' name and not the corporate name. Following an investigation, the Internal Revenue Service sent the Harrises a statutory notice of deficiency for $113,527.89 for the years 1970–72. The Tax Court eventually ruled that the IRS had erred with regard to $86,122.76 of the alleged deficiency, leaving a deficiency of $27,405.13. The Tax Court also found the Harrises liable for additions to tax because of late filing for the years 1970–72 and because of inadequate record keeping amounting to negligence. 26 U.S.C. §§ 6651 and 6653, respectively, provide penalties for these violations. Finally, the court found that the Harrises had a $15,993.92 short-term capital loss which could be carried over to years after 1972. None of that could be applied to the years in question, however, since for each of those years the Harrises had already deducted the maximum limit of $1,000 for short-term capital losses.

On appeal, the Harrises claim 1) that it was error for the court to calculate their income using the accrual method rather than the cash method; 2) that the notice of deficiency was so erroneous that the normal presumption of correctness should have been set aside and the burden of proof shifted to the government; 3) that they are not liable for additions to tax because H & H's tax returns were filed timely and adequate records were kept; and 4) that the short-term capital loss deductions to which they are entitled should be set off against any deficiency found to exist.

### I. Accrual Method v. Cash Method

Petitioners assert that the Tax Court ruled that they were accrual method taxpayers and that this led to an incorrect determination of deficiency. The Tax Court, however, appears to have agreed with petitioners on this issue and did, in fact, treat them as cash method taxpayers. While the court's opinion did not expressly rule on this question, the court did calculate the value of notes received by the Harrises in payment for property as the present fair market value of the note—pursuant to 26 U.S.C. § 1001(b)—rather than the face value of the note. This indicates that the Harrises were treated as cash method taxpayers, since the accrual method would require the income to be calculated according to the amount which the notes gave the Harrises a right to receive. *See Commissioner of Internal Revenue v. Hansen,* 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959); *Spring City Foundry Co. v. Commissioner of Internal Revenue,* 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed.2d 1200 (1934). Petitioners point to no instance in which they were treated as accrual method taxpayers. Since the court did treat the Harrises as cash method taxpayers, their appeal seeking such treatment is misguided.

### II. Notice of Deficiency

Petitioners argue that the statutory notice of deficiency was so erroneous that it should have lost its presumption of correctness and the burden of proving deficiency should have shifted to the government. It appears, however, that this claim too has already been decided in petitioners' favor.

Normally, notice of deficiency is presumed to be correct, *see Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933), and the burden is on the taxpayer to prove error. The court seemed to think that this presumption was rebuttable in this case. Excerpts from the transcript reveal the Tax Court Judge's concern with the Commission procedure which led to the greatly overstated notice of deficiency. The transcript indicates that he intended to hold that the presumption of correctness had been rebutted, and his opinion can be read to hold exactly that. In the opinion, after discussing the presumption, Judge Goffe noted that "[w]e must redetermine" the Harrises' deficiency. The new figure arrived at by the Tax Court Judge appears to be based on his own study of the evidence.

### III. Negligence and Late Filing

26 U.S.C. § 6651 imposes a penalty for failure to file a tax return on the date

required. Petitioners concede that their personal returns for 1970, 1971 and 1972 were filed late. They argue that H & H filed timely returns. Section 6651 makes an exception where the taxpayer can show "reasonable cause" for the failure to file. Petitioners have not shown reasonable cause why they did not personally file.

■ 26 U.S.C. § 6653 imposes a flat five percent penalty on any underpayment which results from the taxpayer's negligence. The Tax Court found petitioners negligent in their failure to keep adequate records. Petitioners contend that their records must have been adequate or else their deficiency could not have been calculated. Their records, however, were reconstructed by an accountant in 1974, after they learned that they were being investigated for fraud and failure to file timely returns. The Tax Court did not believe that this satisfied the requirement of adequate record keeping. The failure of a taxpayer to keep "contemporaneous" records has been held to be negligent for § 6653 purposes. *See Mack v. Commissioner of Internal Revenue,* 429 F.2d 182 (6th Cir.1970). The Tax Court did not err in imposing these penalties.

### IV. Short-term Capital Loss Deductions

The Harrises were granted $1,000 short-term capital loss deductions for each of the years in question, the maximum yearly deduction allowable. This left the Harrises with a $15,993.92 capital loss carryover to apply in subsequent years. They did not apply the loss to any subsequent year, however, and now request that they receive credit for the amount by having it retroactively applied to some of the years subsequent to 1972. Since the Tax Court had before it only the amounts owed for the tax years 1970–1972, that court lacked jurisdiction to rule on the applicability of these deductions for subsequent years. Our review is limited to those matters that were before the Tax Court.

The judgment of the Tax Court is affirmed.