**HARDAWAY CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 3:86–0504.**

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 2, 1987.

Craig V. Gabbert and Jeffrey A. Greene, Harwell, Barr, Martin & Stegall, Nashville, Tenn., for plaintiff.

Joe B. Brown, U.S. Atty., Nashville, Tenn. and Greg Nelson, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

*MEMORANDUM OPINION AND ORDER*

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The plaintiff Hardaway Construction Company, Inc. (taxpayer) paid federal income tax on income of $136,000 as a builder's-fee it reported on its return for its fiscal year 1974 but never did receive. This taxpayer utilized the "completed-contract" method of accounting, and thereunder such amount of income became reportable for that year upon the completion of a certain apartment-complex.

The taxpayer contends the payment of such fee was contingent upon the conclud-

ing by the owner of such project of permanent financing therefor. It is agreed by the parties that the last opportunity such owner had to obtain permanent financing for such project elapsed in the taxpayer's fiscal year which ended September 30, 1975.

Because of errors which were discovered belatedly in the accounting-procedures used by the taxpayer, the correct amount of the foregoing fee was redetermined to be $110,777 (rather than $136,000). The taxpayer deducted $110,777 from its income for its fiscal year 1977 to gain credit for the $136,000 it claims was reported in excess for its fiscal year 1974.

That matter reached this Court in *Hardaway Construction Company, Inc.,* plaintiff, *v. United States of America,* defendant, civil action no. 3:84–0569. An agreed order of judgment of March 8, 1985 therein stated:

[I]t is clear that the builder's fee cannot amount to a proper deduction in plaintiff's [taxpayer's] fiscal year ending September 30, 1977 because the last chance [for its owner] to obtain permanent financing occurred during plaintiff's [taxpayer's] fiscal year ending September 30, 1975. Thus plaintiff [taxpayer] did not sustain a loss in its fiscal year ending September 30, 1977 within the meaning of [Internal Revenue Code] I.R.C. § 165 nor did any debt become worthless during that year within the meaning of I.R.C. § 166.

The subject-matter of that earlier action and of this action is the same, except herein the taxpayer claims now it sustained a loss in its fiscal year ending September 30, 1975 for the $110,777 it reported for income-tax purposes in its fiscal year 1974. The stipulated amount of the corporate tax on that amount of income is $53,172.96.

Both parties moved for a summary judgment, Rules 56(a), (b), F.R.Civ.P. It is determined that oral arguments are unnecessary to a disposition hereof, and the Court adjudicates on the record under Rule 8(b)(1) of its Rules.

The pleadings and stipulations herein reflect that there is no genuine issue of material fact and that the taxpayer is entitled to a judgment as a matter of law. Rule 56(c), F.R.Civ.P. The factual defense asserted by the defendant relates only to the taxpayer's claim of a bad-debt, which alternative claim this Court pretermits. *Spring City F. Co. v. Commissioner of Int. Rev.,* 292 U.S. 182, 189, 54 S.Ct. 644, 647 [5], 78 L.Ed. 1200 (1934) (The "bad-debt" and "business-loss" provisions of the I.R.C. are mutually exclusive.)

"There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C. § 165(a). There is no assertion by either party that the taxpayer's aforementioned loss sustained during its fiscal year 1975 was compensated-for by insurance or otherwise.

Under Treasury regulation § 1–165–1(b): "To be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events, and * * * actually sustained during the taxable year. Substance and not mere form shall govern in determining a deductible loss." Assuming the other conditions are met, a taxpayer will be allowed a loss for an amount which was reported previously for income-tax purposes and is lost subsequently. *Cf. Smith v. Fahs,* 42 A.F.T.R. 1296, 1299 (D.C.Fla. 1950).

This Court concludes that the taxpayer sustained an uncompensated loss of $110,777 from its business-operations within its fiscal year ending September 30, 1975 which is evidenced by closed and completed transactions, fixed by the identifiable events, and which was actually sustained during that tax year, and that it is entitled to a deduction for such loss during that taxable year. The taxpayer had reasonable expectation that permanent financing would be obtained timely for the project involved by the owner thereof and that, upon the happening of that event, that such owner would pay the taxpayer sometime before the end of its fiscal year 1975 the $110,777 it had reported as income for income-tax purposes for its fiscal year 1974.

The motion of the defendant for a summary judgment hereby is DENIED; the motion of the plaintiff-taxpayer for a summary judgment hereby is GRANTED; judgment is to be entered that the plaintiff recover of the defendant $53,172.96 and lawful interest, Rule 56(c), F.R.Civ.P., *supra.* The clerk will withhold entry of judgment, Rule 58, F.R.Civ.P., until adverse counsel advise her jointly of the amount (or agreed rate) of such interest.