T.C. Summary Opinion 2009-15


UNITED STATES TAX COURT


HOWARD CARY MORRIS AND VICKY L. MORRIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10416-07S.               Filed January 28, 2009.


Howard Cary Morris, pro se.

John R. Bampfield, for respondent.


KROUPA, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]All section references are to the Internal Revenue Code for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,174 deficiency in petitioners' Federal income tax for 2004, and petitioners timely filed a petition with this Court. After concessions,[2] the only issue remaining is whether petitioners may offset their realized long-term capital gains by negative taxable income[3] before offsetting such gains by long-term capital loss carryover. We hold they may not.

### Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts, the supplemental stipulation of facts, the stipulation of settled issues, and the accompanying exhibits are incorporated by this reference. Petitioners resided in Tennessee at the time they filed the petition.

Petitioners filed a joint Federal income tax return for 2004 and attached a handwritten letter stating they found the Schedule D, Capital Gains and Losses, too complicated to complete. Petitioner husband mailed respondent a handwritten computation and a letter after receiving the deficiency notice. Petitioners claimed a $23,000 net long-term capital loss in 2002, which petitioners carried over to both 2003 and 2004. The parties disagree about how the long-term capital loss carryover from 2003 to 2004 is calculated.

---

[2]The parties settled issues involving unreported capital gains in 2004, some of which were not taxable, and associated early withdrawal additional taxes under sec. 72(t).

[3]Negative taxable income, as used in this opinion, means taxable income that is less than zero, without including capital gains and/or losses in the computation.

The parties stipulated that, if petitioners' position is correct, then the amount of long-term capital loss carryover to 2004 is $9,629. This would reduce their 2004 net long-term capital gain to zero and result in a $651 deficiency for 2004.[4] If we find for respondent, however, the amount of long-term capital loss carryover is $5,807, reducing their net long-term capital gain to $953 and resulting in a $698 deficiency.

<u>Discussion</u>

We decide whether petitioners may offset their realized long-term capital gains by negative taxable income[5] before offsetting such gains with long-term capital loss carryover. Petitioners contend this method of computation reflects Congress' intent that the use of capital loss carryovers in a bad year should be delayed to offset capital gains in a good year. We disagree with petitioners given the clear language of the applicable statutes.

We begin with the burden of proof. Where, as here, the key facts are fully stipulated and we are faced with a question of law, our holding does not depend on the burden of proof we impose or standard of review we apply. We must reject erroneous views of the law. See <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 75

---

[4]In addition, petitioners would have a long-term capital loss carryover from 2004 to 2005.

[5]Petitioners' taxable income for 2003 was negative $3,822 without taking into account their capital gains and losses. Petitioners reported $20,486 of adjusted gross income in 2003, excluding their capital gains. They claimed $18,208 of itemized deductions and two personal exemptions totaling $6,100.

(2005) (and the cases cited thereat); <u>McCorkle v. Commissioner</u>, 124 T.C. 56, 63 (2005).

We now turn to the proper method for determining long-term capital loss carryover. Petitioners argue that they should be allowed to deduct negative taxable income from long-term capital gain and preserve long-term capital loss carryover for the following year. They argue that section 1(h)(1) "basically" says the capital gains rules do not apply if the resulting tax would be greater than if all or part of the capital gains had been treated as ordinary income. They further argue that their income tax for 2003 was zero and the only way they could determine whether the tax would be lower is to see if they would pay more or less tax in 2004. We disagree with their interpretation. Instead we hold for respondent because of the clear statutory language governing capital losses.

First and foremost, the capital gains tax rates are limited to certain situations and do not affect the calculation of a capital loss carryover. Sec. 1(h)(1). Petitioners' reliance on this section is misplaced. Further, a specific statute controls over a general statute in a situation where two sections might arguably apply. <u>Spring City Foundry Co. v. Commissioner</u>, 292 U.S. 182, 189 (1934). Petitioners' position contradicts the specific statutes governing the interaction between taxable income and capital losses.

Taxable income is defined as gross income less allowable deductions. Sec. 63(a). It is well settled that tax deductions

are a matter of legislative grace, and taxpayers must show that they come squarely within the terms of the law conferring the benefit sought.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A loss from the sale or exchange of a capital asset is allowed as a deduction only to the extent permitted in sections 1211 and 1212.  Sec. 165(a), (f).  Consequently, a capital loss can affect taxable income in limited circumstances. Negative taxable income does not determine capital losses.

Capital losses for noncorporate taxpayers are deductible only to the extent of capital gains plus $3,000.[6]  Sec. 1211. When capital losses exceed capital gains by more than $3,000, the excess may be carried over to later taxable years to reduce capital gains or a nominal amount of ordinary income.  Sec. 1212(b).

A long-term capital gain is the gain from the sale of a capital asset held for longer than a year.  Sec. 1222(3). Conversely, a long-term capital loss is the loss from the sale of a capital asset held for longer than a year.  Sec. 1222(4).  A net long-term capital loss is the excess of long-term capital losses minus long-term capital gains for a taxable year.  Sec. 1222(8).  Petitioners had a $23,000 net long-term capital loss in 2002.  This amount was carried over to 2003 as a long-term capital loss.  See sec. 1212(b).

--------

[6]Capital losses are allowed in full where an individual taxpayer's capital losses exceed capital gains by less than $3,000.  Sec. 1211(b)(2).

Petitioners realized long-term capital gains of $20,842 and incurred long-term capital losses of $3,649 in 2003. Sec. 1222(3) and (4). Accordingly petitioners' long-term capital gains exceeded the amount of actually realized long-term capital losses by $17,193 that year. All long-term capital gains and losses must be incorporated, however, to calculate petitioners' net long-term capital loss for 2003. See sec. 1222(8). Consequently, petitioners' net long-term capital loss for 2003 is $5,807 ($3,649, 2003 long-term capital loss + $23,000, net long-term capital loss carryover - $20,842, 2003 long-term capital gain).

Petitioners may carry over their net long-term capital loss minus any short-term capital gain from 2003 to 2004. Sec. 1212(b)(1)(B). Petitioners had no short-term capital gain in 2003. Accordingly, we find the amount of long-term capital loss carryover into 2004 is $5,807 and the resulting deficiency for 2004 is $698. This is consistent with the parties' stipulation if we hold for respondent, and we do.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.