Lowell C. Frost v. Commissioner.
Frost v. Commissioner
Docket No. 30024.
United States Tax Court
1953 Tax Ct. Memo LEXIS 255; 12 T.C.M. (CCH) 511; T.C.M. (RIA) 53165; May 13, 1953
*255 Petitioner, a school teacher, loaned money to a corporation engaged in developing a portable washing machine. He owned one of the two outstanding shares of corporate stock. Upon liquidation and dissolution of the corporation, he recovered only a part of his advances and claimed the unpaid balance of $8,909.99 as a loss under Sec. 23 (e) (2), or a bad debt under Sec. 23 (k) (1). Petitioner paid out $556 as his share of the dissolution expenses and claimed it as a deduction. Respondent denied the deductions and held that the aggregate amount thereof was a nonbusiness debt under Sec. 23 (k) (4). 1. Held, petitioner's unpaid loans constituted a nonbusiness debt within the meaning of Sec. 23 (k) (4), and respondent properly disallowed the deduction thereof as a loss or as a bad debt incurred in the petitioner's trade or business. 2. Held, further, respondent's treatment of the $556 expense item approved for failure of proof. Jerome D. Rolston, Esq., for the petitioner. R. E. Maiden, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves an income tax deficiency for 1944 in the amount of $987.89. The issues are whether petitioner is entitled to deduct: (a) $8,909.99 as a loss under section 23 (e) (2), or, alternatively, as a bad debt under *257 section 23 (k) (1); and (b) $556 as collection expenses paid to minimize such loss. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by reference. Petitioner, an individual, resides in Los Angeles, California. His income tax return for the taxable year 1944 was filed with the collector of internal revenue for the sixth district of California. During the period 1936 through 1944, petitioner was a teacher at one of the high schools in Beverly Hills. In addition to his salary as a school teacher, petitioner derived income from dividends, interest, rents, trusts, and annuities. On October 21, 1936, the Electro-Mite Corporation, hereinafter referred to as the Corporation, was incorporated. The Corporation was granted a permit to sell shares of stock on December 30, 1943. On or shortly after such date, petitioner became one of two stockholders of the Corporation, paying $100 for his one share. From September 21, 1936, through July 8, 1940, petitioner made loans to or on behalf of the Corporation in the total amount of $12,593.14. During the entire period of the Corporation's existence, petitioner was one of *258 its directors and its president. He estimated that between 10 to 30 per cent of his time from 1936 through 1940 was devoted to the affairs of the Corporation. The business of the Corporation was the development and sale of a small, portable washing machine. During the latter part of the period 1936 to 1944, the Corporation produced the washing machine and sold a few of them. The Corporation was dissolved on October 9, 1944. Petitioner received $3,683.15 upon the liquidation of the Corporation in 1944. His share of the "dissolution expenses" amounted to $556. Petitioner made no loans to any other corporation. He was never an officer or a director of any other corporation. In determining the deficiency, respondent treated the total amount deducted, $9,465.99, as a nonbusiness bad debt deductible under section 23 (k) (4), subject to the limitations provided by section 117. He explained his adjustment, in part, as follows: "Inasmuch as you have claimed in your return a net capital loss to the extent of $1,000.00, the maximum allowable for the current year under Section 117 (d) (2), Internal Revenue Code, the allowance of the bad debt as a short-term capital *259 loss increases your net income and your capital loss carry-over by the amount of $9,465.99." Opinion RICE, Judge: Section 23 (e) (2) of the Internal Revenue Code authorizes an individual to deduct losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. Petitioner contends that he advanced funds to the Corporation with the distinct understanding that he would receive a share of the profits of the Corporation in addition to the return of his advances and loans. No such agreement or understanding was pleaded in the allegations of facts in the petition or mentioned in petitioner's testimony. The record shows that petitioner loaned the Corporation money and that he invested $100 in one share of capital stock, but it does not show that he had any interest in the profits of the Corporation other than as a shareholder. No contention is made that the $12,593.14 advanced represented an additional investment in stock or a contribution to the capital of the Corporation. The advances were loans, as alleged by petitioner and admitted *260 by respondent, which makes the relationship between petitioner and the Corporation with respect thereto a debtor-creditor relationship. In this posture of the case, petitioner is not entitled to deduct the $8,909.99 as a loss under section 23 (e) (2) since the funds were not invested in a transaction entered into for profit, and the loss section and the bad debt section are mutually exclusive. Spring City Co. v. Commissioner, 292 U.S. 182 (1934). Petitioner relies upon our decision in Robert H. Montgomery, 37 B.T.A. 232 (1938). Our holding in that case is not to the contrary. There, the taxpayer was allowed to deduct his investment in corporate stock as a loss under section 23 (e) (2) and his advances to the corporation as bad debts ascertained to be worthless and charged off within the taxable year under section 23 (j). Here, we have no question involving the loss of petitioner's investment in corporate stock, but the question of whether petitioner's net loans can be deducted as a loss under section 23 (e) (2). The Montgomery case is not a precedent entitling petitioner to such a deduction. As an alternative, petitioner contends that his net loans of $8,909.99 *261 are deductible as a bad debt under section 23 (k) (1). This section sets forth the general rule, pertinent hereto, that debts which become worthless within the taxable year shall be allowed as deductions. Respondent contends that the issue is controlled by section 23 (k) (4) which deals with nonbusiness debts. [1] If petitioner's advances constituted a nonbusiness debt within the meaning of section 23 (k) (4), then the amount of the deduction will be limited by the provisions covering losses on the sale of capital assets held for not more than six months as provided by section 117; but if such advances constituted an ordinary bad debt under section 23 (k) (1), then the entire amount of the worthless debt is deductible. The pertinent provisions of section 23 (k) (1) and (4) appear in the margin. [2]
*262 Petitioner's contention, on the alternative issue, is that (1) a person may engage in more than one business at the same time, and (2) a bad debt, to be deductible, need not be in connection with a business to which he devotes the major portion of his time. Given the proper circumstances, petitioner's argument would be persuasive, but the circumstances here are different. Petitioner devoted most of his time to teaching school, and it cannot be said that he was engaged in any other business. The business of the Corporation was not petitioner's business. Dalton v. Bowers, 287 U.S. 404 (1932); Burnet v. Clark, 287 U.S. 410 (1932). Nor was he engaged in the business of organizing and promoting corporations, since the Corporation was the only corporate body in which he had ever been a director or an officer. Petitioner testified that he had never loaned money to any corporate organization except the Corporation, so he could not be engaged in the business of loaning money. Actually his only trade or business was teaching school, and his loans to the Corporation had no proximate relationship to his business in the taxable year or at any other time. The facts *263 and circumstances in this case bring petitioner within the provisions of section 23 (k) (4), and the loss sustained by him in the taxable year from the worthlessness of the debt, which respondent concedes, must be treated as though it were a loss from the sale or exchange of a capital asset held for not more than six months. To the same effect are our decisions in A. Kingsley Ferguson, 16 T.C. 1248 (1951), and cases therein cited; Jan G. J. Boissevain, 17 T.C. 325 (1951); Estate of William P. Palmer, Jr., 17 T.C. 702 (1951). Since petitioner has already claimed the maximum amount allowable as a net capital loss for the taxable year under section 117 (d) (2), the net amount of his loss can only be used to increase his capital loss carry-over. Respondent must also be sustained on the second issue with respect to the claimed deduction of $556. The proof with respect to this item is lacking. The allegations of fact in the petition are to the effect that this sum was expended in the unsuccessful promotion of a new corporation. Petitioner testified that he spent the money as "my share of the dissolution expenses, * * *." There is no other evidence *264 in the record as to these expenditures. Respondent lumped them with the net amount of petitioner's loans to the Corporation and, as our findings show, permitted petitioner to include such amount in his total loss and as a part of the $9,465.99 capital loss carry-over. On this record we approve respondent's determination. Decision will be entered for the respondent. Footnotes
1. Section 124 of the Revenue Act of 1942 amended section 23 (k)↩ of the Code, insofar as here pertinent, by adding the last sentence of subsection 23 (k) (1) and by adding subsection 23 (k) (4). These amendments provide a different treatment for nonbusiness debts from that provided for ordinary debts incurred in a taxpayer's trade or business.
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - (1) General Rule. - Debts which become worthless within the taxable year; * * * This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a non-business debt, as defined in paragraph (4) of this subsection. * * *
(4) Non-business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.↩