**COMMISSIONER OF INTERNAL REVENUE**

v.

**B. A. CARPENTER.**

No. 15088.

United States Court of Appeals, Fifth Circuit.

March 2, 1955.

Karl Schmeidler, Ellis N. Slack, and Lee A. Jackson, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Chief Counsel, and William D. Crompton, Sp. Atty., Int. Rev. Serv., Washington, D. C., for petitioner.

Mac Asbill, Jr., William A. Sutherland, Washington, D. C., Claude L. Gray, Orlando, Fla., Dorothea Watson, Orlando, Fla., for respondent.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decision of the Tax Court, which held that the respondent was not liable for alleged income tax deficiencies asserted to be owing for the fiscal years ending February, 1946, through 1949. The facts are not in dispute, and the only question is whether the respondent must include in his gross income the face amount of revolving fund certificates issued by a farmer cooperative association.

There was an agreement between Fosgate Growers Cooperative, a farmer cooperative association, exempt under Section 101(12) of the Internal Revenue Code of 1939, 26 U.S.C.A., and its patrons, whereby the cooperative would sell the produce delivered to it by the patrons and would either return to the patrons the proceeds received for such produce over and above necessary expenses or, at the option of the cooperative, keep that portion of such proceeds necessary to establish and maintain adequate reserves, upon the condition that the cooperative would issue to the patrons a revolving fund certificate in a face amount equal to that patron's share of the retained proceeds. These certificates were redeemable only in the sole discretion of the directors of the cooperative, were non-interest-bearing, were junior to all debts of the cooperative, and could be redeemed only upon written approval of the Columbia Land Bank, the mortgagee of the cooperative. The certificates admittedly had no fair market value when issued to the respondent.

The Commissioner insists that the revolving fund certificates should be taxable at their face amount, regardless of whether or not they had any fair market value at the time of issuance. The argument advanced by the Commissioner is that the cooperative was under an obligation to distribute patronage dividends either in cash or certificates; that respondent assented to this arrangement by becoming a patron; and that when the directors have determined to issue the certificate the respondent should be treated as if he had actually received the cash in the amount evidenced by the certificate and reinvested the cash in the cooperative. We think such contentions are unsound.

It is abundantly clear that the taxpayer's receipt of revolving fund certificates was not the equivalent of the actual receipt of cash, because the certificates had no fair market value. Furthermore, it is obvious that the funds withheld by the cooperative were not subject to the demand of the respondent. The respondent could control neither the amount of the funds that he would ultimately receive nor the time at which he might receive them. These matters were left to the discretion of the cooperative's directors, and even the directors could not pay off the certificates without written consent of the mortgagee. Therefore, the respondent never actually or constructively received or had any right to receive anything but the certificates. It is fundamental in income taxation that, before a cash basis taxpayer may be charged with the receipt of income, he must receive cash or property having a fair market value, or such cash or property must be unqualifiedly sub-

ject to his demand. We are of the opinion that the certificates, when issued to the respondent, did not constitute income. Accordingly, the judgment appealed from should be and is affirmed.