LONG POULTRY FARMS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57651. Filed March 21, 1957.

986

*Hugh C. Bickford, Esq.*, for the petitioner.
*Marion B. Morton, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* The petitioner argues that the patronage refund credit allocated to its account on Rockingham's. books had no fair market value when received, and that because of that fact such credit was not properly includible in its income during the fiscal year here in issue, citing *B. A. Carpenter*, 20 T. C. 603 (1953), affd. 219 F. 2d 635 (C. A. 5, 1955) ; *William A. Joplin, Jr.*, 17 T. C. 1526 (1952) ; and *San Francisco Stevedoring Co.*, 8 T. C. 222 (1947). The respondent, on the other hand, argues that the patronage refund credit was properly accruable and taxable to petitioner during such year on the authority of *Harbor Plywood Corporation*, 14 T. C. 158 (1950), affd. 187 F. 2d 734 (C. A. 9, 1951) ; and *George Bradshaw*, 14 T. C. 162 (1950).

Petitioner's reliance on *B. A. Carpenter* and *William A. Joplin, Jr.*, *supra*, is misplaced because in both of those cases the taxpayers kept their books and reported their income on the cash basis.

Petitioner here was an accrual basis taxpayer. It has long been recognized that a taxpayer using such a system of accounting must accrue as income any unconditional right to receive an amount of money in the year in which he acquires the right, even though actual payment of the sum is deferred until some later date. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182 (1934).

The exception to that rule is where there is a real uncertainty as to whether the taxpayer will ever receive the amount in question. The petitioner attempts to show that such was the case here, relying on *San Francisco Stevedoring Co.*, *supra*. In that case we found that there was an uncertainty qualifying the payment which the taxpayer there was entitled to receive. We said that it was not only uncertain in the year in which the taxpayer received the right to the payment that it would actually receive the payment itself, but that it was uncertain as to whether the payment would ever be made. That was not true of the credit allocation which the petitioner received here. It had an unequivocal right to receive the sum of $6,781.94, and while there were some remote contingencies that the amount might possibly be reduced, the only real uncertainty was the time of payment. Rockingham was in sound financial condition at the end of 1952; and, from the time when petitioner first became a member in 1946, it had realized substantial net savings during all of the ensuing years here material. In the face of those facts we are unable to distinguish this case from *Harbor Plywood Corporation* and *George Bradshaw*, *supra*. In both of those cases, the taxpayers' right to receive the sum was unconditional and only the time when they could expect payment was uncertain.

We therefore conclude that the credit allocation in the amount of $6,781.94 which petitioner received from Rockingham was a properly accruable item of income in its fiscal year ended June 30, 1953.

*Decision will be entered for the respondent.*